# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CASE NO. |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| Metropolitan Detroit Center for Independent Living d/b/a Disability Network/Wayne County—Detroit, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Steven Jeffries. As alleged with greater particularity in paragraphs 8 through 10 below, the Equal Employment Opportunity Commission alleges that Defendant Metropolitan Detroit Center for Independent Living d/b/a Disability Network/Wayne County—Detroit violated the Americans with Disabilities Act by refusing to provide a reasonable accommodation

to Steven Jeffries, who is deaf, and by firing him on the basis of his disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized

to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Metropolitan Detroit Center for Independent Living, d/b/a Disability Network/Wayne County--Detroit (the "Employer") has continuously been a private, non-profit corporation registered in the State of Michigan.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Steven Jeffries filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All

conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least October 2008, Defendant Employer has engaged in unlawful employment practices in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b). More specifically, Defendant discriminated against Jeffries on the basis of his disability when it failed to provide him with a reasonable accommodation and discharged him because of his disability.

9. Jeffries, who is deaf, requested reasonable accommodations to perform his job as an Independent Living Specialist. In that capacity, Jeffries helped disabled individuals procure services like transportation and housing. Jeffries requested TTY equipment, the ability to use a video phone, and the ability to use text messaging as a reasonable accommodation. Defendant Employer rejected his requests, failed to engage in the interactive process, and failed to offer Jeffries a reasonable accommodation for his hearing impairment.

10. After denying Jeffries a reasonable accommodation, Defendant ultimately discharged him on the basis of his disability on or about April 10, 2012.

11. The unlawful employment practices complained of in paragraphs 8 through 10 above were intentional.

12. The unlawful employment practices complained of in paragraphs 8 through10 above were done with malice or with reckless indifference to the federally protected rights of Jeffries.

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to provide a reasonable accommodation because of their disability.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging qualified individuals with disabilities.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make Jeffries whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

E. Order Defendant Employer to make whole Jeffries by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 through 10 above in amounts to be determined at trial.

F. Order Defendant Employer to make whole Jeffries by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 through 10 above, including but not limited to emotional pain,

suffering, inconvenience and humiliation, in amounts to be determined at trial.

    G.    Order Defendant Employer to pay Jeffries punitive damages for its malicious and reckless conduct, as described in paragraphs 8 through 10 above, in amounts to be determined at trial.

    H.    Grant such further relief as the Court deems necessary and proper in the public interest.

    I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                        EQUAL EMPLOYMENT
                        OPPORTUNITY COMMISSION

                        s/ Laurie A. Young
                        LAURIE A. YOUNG
                        Regional Attorney

                        s/ Kenneth L. Bird
                        KENNETH L. BIRD
                        Supervisory Trial Attorney

|  |  |
|---|---|
|  | s/ Nedra Campbell |
|  | NEDRA D. CAMPBELL (P58768) |
|  | Trial Attorney |
|  | DETROIT DISTRICT OFFICE |
|  | Patrick V. McNamara Federal Bldg. |
|  | 477 Michigan Ave, Room 865 |
|  | Detroit, Michigan 48226 |
|  | (313) 226-3410 |
|  | nedra.campbell@eeoc.gov |
| Dated:  May 28, 2014 |  |