### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY                )
COMMISSION,                                                         )
                                                                              )
                                     Plaintiff,                      )        Case No. 4:14-CV-12118
                                                                              )        Hon. Linda V. Parker
v.                                                                          )        Magistrate: David R. Grand
                                                                              )
METROPOLITAN DETROIT CENTER FOR    )
INDEPENDENT LIVING d/b/a Disability         )
Network/Wayne County—Detroit                    )
                                                                              )
                                     Defendant.                  )
_____/

| | |
|---|---|
| LAURIE A. YOUNG | GREG M. LIEPSHUTZ (P37573 |
| KENNETH L. BIRD | LEVINE BENJAMIN, P.C. |
| NEDRA CAMPBELL (P58768) | Counsel for Defendant |
| EQUAL EMPLOYMENT | 100 Galleria Officentre, Ste. 411 |
| OPPORTUNITY COMMISSION | 27700 Northwestern Highway |
| Counsel for Plaintiff | Southfield, Michigan 48034 |
| 477 Michigan Ave, Room 865 | (248) 352-5700 / 1312 (fax) |
| Detroit, Michigan 48226 | |
| (313) 226-3410 / 6584 fax | |

_____/

### CONSENT DECREE

The Equal Employment Opportunity Commission (the "EEOC" or the "Commission") instituted this action against the Defendant, Metropolitan Detroit Center for Independent Living d/b/a Disability Network/Wayne County—Detroit (the "Defendant") pursuant to Title I of the Americans with Disabilities Act (ADA) of 1990 and Title I of the Civil Rights Act of 1991 alleging unlawful employment practices and to provide relief to the Charging Party, Stephen Jeffries. The Commission and Defendant agree that this action should be resolved by entry of this Consent Decree.

This Consent Decree shall be a final and binding settlement in full disposition of all claims raised in the complaint filed by the Commission in Case No. 4:14-CV-12118. It is therefore the finding of this Court, made on the pleadings and record as a whole, that: 1) the Court has jurisdiction over the parties and subject of this action; 2) the purpose and provision of the ADA will be promoted and effectuated by entry of this Consent Decree; and 3) this Consent Decree resolves all matters in controversy between the parties as provided below. It is hereby ORDERED, ADJUDGED AND DECREED:

## **MONETARY RELIEF**

1.    Defendant shall pay Stephen Jeffries the sum of $38,500. Of this monetary payment, $10,000 shall be considered back pay, and $28,500, shall be considered compensatory damages. The payments shall be made in five installments. The first payment of $10,000 shall be paid within fourteen (14) days of October 28, 2014. The remaining four payments shall be $7,125 on or before the anniversary of entry of the Consent Decree. Defendant shall issue a W-2 for the amount designated as back pay, less appropriate taxes and withholdings, and a 1099-MISC for the remaining amount, in the ordinary course of business. Defendant shall not deduct the amount of the employer's share of any costs, taxes, or social security payments required by law to be paid by the Defendant. Further, Defendant will not withhold any amounts from payment of compensatory damages.

2.    Payment shall be mailed to Stephen Jeffries at the address provided by counsel for the Commission. A copy of each check shall be mailed

to Laurie A. Young or her successor, Regional Attorney, c/o Nedra Campbell,

Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan

48226.

## NON-DISCRIMINATION AND RETALIATION

3.     Defendant is enjoined from refusing to offer employees a

reasonable accommodation and from discharging employees because the

employee is disabled.

4.     Defendant and its officers, agents, employees, and successors are

enjoined for the duration of this Decree from: (a) discriminating against any

employee on the basis of disability; and (b) retaliating against any employee

because s/he: (i) opposes discriminatory practices made unlawful by the ADA;

(ii) files a charge of discrimination or assists or participates in the filing of such

a charge; or (iii) assists or participates in an investigation or proceeding

brought under the Federal laws prohibiting discrimination or retaliation.

## TRAINING

5.     Within thirty (30) days after the Consent Decree has been entered

by the Court, Defendant shall provide a mandatory training program to its

supervisors and managers that will focus on the requirements of the Americans

with Disabilities Act of 1990, as amended. This training shall be provided on a

semi-annual basis for the duration of this Consent Decree. The training will

include information regarding the meaning of an individual with a "disability"

under the ADA, and the Defendant's duty to make an individualized

assessment of any qualified individuals with a disability in determining

whether the employee can perform the essential functions of a job with or without a reasonable accommodation. Within 30 days after each mandatory training program, Defendant will provide the Commission with a list of all attendees and certify that all of its supervisors, managers, and human resources personnel have been trained. This information should be provided to Laurie A. Young or her successor, Regional Attorney, c/o Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## **NOTICE POSTING**

6.     Defendant shall post the Notice attached as Attachment A in a conspicuous place where employees' notices are posted and mail a copy of the notice to all of its employees. This Notice shall be posted throughout the term of this Consent Decree. Should the notice become defaced, marred or otherwise made unreadable, Defendant will post a readable copy of the Notice in the same manner as soon as practicable.

## **REPORTING AND COMPLIANCE**

7.     Defendant shall provide, within thirty (30) days following the semi-annual mandatory training specified in paragraph 5 above, the list of attendees in accordance with paragraph 5.

8.     Defendant shall provide written verification within thirty (30) days of entry of the Consent Decree that it has posted and mailed the notice attached as Attachment A as required in paragraph 6 above.

9.     The Commission shall have the right during regular business hours defined as Monday through Friday, 9:00 am to 5:00 pm, EST, to enter

and inspect Defendant's premises to ensure compliance with this Decree.

## DURATION

10.    This Consent Decree shall expire by its own terms at the end of six (6) years without further action by the Parties.

## DISPUTE RESOLUTION AND COMPLIANCE

11.    The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Consent Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and shall be required to give notice to each other ten (10) days before moving the Court for such review.

12.    The Commission may review compliance with this Decree. As part of such review, as referenced above the Commission may inspect Defendant's premises in accordance with paragraph 9, interview Defendant's employees, and examine and copy Defendant's documents.

13.     In the event the Court finds that Defendant has not complied with any provision of this Decree, and the Commission petitions the Court to order Defendant to comply, the Commission is entitled to a penalty of $500 per day until Defendant is in compliance with the Decree again. The Court shall enter an Order requiring the payment of this daily $500 penalty, in addition to all attorney's fees and costs incurred by the Commission to enforce the Decree.

14.    In the event the Court determines that Defendant has not

complied, in addition to the penalty amount set forth above, the Court may order appropriate relief including an extension of the Decree for the time necessary to remedy non-compliance, an award of attorney's fees and costs, and an award of fines for contempt of court.

## **MISCELLANEOUS**

15.     Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Consent Decree.

16.     If any provision of this Consent Decree is found to be unenforceable by a Court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

17.     Defendant will not condition the receipt of individual relief on Jeffries' agreement to (a) maintain as confidential the terms of this decree or the facts or allegations underlying the litigation, (b) waive his statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive his right to apply for a position at any of Defendant's facilities.

18.     The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Defendant.

19.     Before selling or merging, Defendant shall notify all potential buyers and bidders of this Decree and its terms. Among other things, the notice shall include a copy of this Decree, personally served by Defendant. The terms of this Decree are and shall be binding upon the present and future

owners, officers, directors, employees, creditors, agents, trustees,

administrators, successors, representatives, and assigns of Defendant.

20.    Any modifications to this Consent Decree must be approved by the

Court.

21.    The Court shall retain jurisdiction of this case through the term of

the Consent Decree.


**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

**METROPOLITAN DETROIT**
**CENTER FOR INDEPENDENT**
**LIVING d/b/a Disability Network /**
**Wayne County—Detroit**


/s/ Nedra Campbell
NEDRA CAMPBELL (P58768)
Trial Attorney
DETROIT FIELD OFFICE
Patrick V. McNamara Federal Bldg.
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
Nedra.Campbell@eeoc.gov

/s/ / Greg Liepshutz (w/ consent)
GREG M. LIEPSHUTZ (P37573)
Counsel for Defendant
LEVINE BENJAMIN, PC
100 Galleria Officentre Ste. 411
27700 Northwestern Hwy.
Southfield, Michigan 48034
(248) 352-5700 / 1312 (fax)
gliepshutz@levinebenjamin.com


Dated: October 31, 2014

Dated: October 31, 2014


**IT IS SO ORDERED**:


s/ Linda V. Parker
Hon. Linda Parker
United States District Judge

Dated: November 25, 2014

ATTACHMENT A

# NOTICE TO ALL EMPLOYEES

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in EEOC v. Metropolitan Detroit Center for Independent Living d/b/a Disability Network/Wayne County—Detroit ("Disability Network") filed in the United States District Court for the Eastern District of Michigan, Civil Action No. 4:14-CV-12118.

Disability Network wishes to emphasize our fundamental policy of both providing equal employment opportunity in all operations and areas of employment practices, and ensuring that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability.

Pursuant to the Americans with Disabilities Act, it is unlawful for an employer to discriminate against an employee in connection with job application procedures, hiring, firing, advancement, compensation, job training, and other terms, conditions, and privileges of employment because the employee is disabled, is regarded as being disabled, or has a record of disability,

Any employee who believes that s/he has suffered discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, or disability, genetic information, or has been retaliated against because s/he has engaged in activity protected by these laws has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, Disability Network will not retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart, the Michigan Department of Civil Rights.

Metropolitan Detroit Center for Independent Living d/b/a Disability Network/Wayne County—Detroit.

By:_____ Date _____

**This Notice shall remain posted for the term of five years, until November 2020.**